FILED

JUL 14 2006




UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| KATHIE M. DIKE, Plaintiff, | * | CIV. 06-4118 |
| -vs- | * | ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff Kathie M. Dike, represented by attorney Michael B. Crew, filed a Complaint under 42 U.S.C. §§ 405(g) and an Application to Proceed Without Prepayment of Fees and Affidavit (Docs. 1 and 3). The Court must initially decide on the basis of the complaint whether to grant leave to proceed in forma pauperis under 28 U.S.C. § 1915, before issuance and service of process. Gentile v. Missouri Dept. of Correction and Human Serv., 986 F.2d 214, 217 (8th Cir. 1993).

Having reviewed plaintiff's financial declaration, the Court finds that plaintiff satisfies the requirements of Section 1915(a). The Court must next determine whether the claims in the complaint are frivolous or malicious under Section 1915(d), and if so, the Court must dismiss the complaint. Id. If the claims are not frivolous or malicious, the Court should grant in forma pauperis status and order issuance and service of process. Id.

Plaintiff requests review of the determination by the Commissioner of Social Security denying plaintiff's application for Social Security Disability and Supplemental Security Income disability benefits for lack of disability. Kathie Dike alleges she is disabled (Doc. 1). To support her Application to Proceed Without Prepayment of Fees she filed a statement signed by her under penalty of perjury which says she is employed and earns $354 each two weeks and $100 per month

from other part time employment. Her monthly income, therefore, is at least $808. An individual is considered to be disabled if she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). For purposes of this definition of disability an individual shall be determined to be under a disability only if her physical or mental impairment or impairments are of such severity that she is not only unable to do her previous work but cannot engage in any other kind of substantial gainful work. 42 U.S.C. § 1382c(a)(3)(B). A person who is able to earn $860 per month in 2006 is ordinarily shown to be engaged in substantial gainful activity. 20 CFR § 404.1574(b)(2). A person who is unable to earn at least $620 per month in 2006 is ordinarily shown to be unable to be engaged in substantial gainful activity. 20 CFR § 404.1574(b)(3). Kathie Dike falls into the category where she is neither earning enough to show she is engaged is substantial and gainful activity nor is she earning so little to show she is not engaged in substantial and gainful activity. Consequently, her complaint, as a matter of law, is not frivolous. There are fact questions to be reviewed in the administrative record to determine whether the decision of the Commissioner of the Social Security Administration is supported by substantial evidence. Her complaint, therefore, survives screening.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Proceed Without Prepayment of Fees and Affidavit (Doc. 3) is GRANTED, as follows:

1. Plaintiff shall make an initial partial fee payment for docketing and filing fees in the amount of $100.00 to the clerk of this court on or before August 18, 2006.

2. Plaintiff shall pay $100.00 per month thereafter by the 18th of each month to the Clerk of the United States District Court until the balance of the docketing and filing fees is paid in full.

3. Plaintiff is responsible for arranging for and accomplishing service of process on defendant unless Plaintiff requests an order be entered pursuant to 28 U.S.C. § 1915(c) directing the U.S. Marshal's Service to effect service.

Dated this 14th day of July, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By Sharon Souza, Deputy